CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 19 2020

JULIA C. DUDLEY, CLERK
BY:
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RAYMOND KA-LUN PIN, ) | |
|     Plaintiff, ) | CASE NO. 7:19CV00011 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| HAROLD W. CLARKE, ) | By: Hon. Glen E. Conrad |
|     Defendant. ) | Senior United States District Judge |

The plaintiff, Raymond Ka-Lun Pin, a Virginia inmate proceeding pro se, alleges that prison officials have violated his constitutional rights by refusing to remove false information from his central file, resulting in the withholding of a portion of his income to be reserved for his release. After review of the record, the court concludes that Pin's claim must be summarily dismissed.

## I. BACKGROUND

Pin is serving a prison sentence consisting of three life terms plus eighty years for the following criminal offenses committed in 1989 in Halifax County: three counts of capital murder (one count for killing multiple persons and two counts for murder in the course of felony robbery), unauthorized use of a vehicle, and two counts of robbery. According to state court records online, a Halifax County grand jury returned an indictment charging Pin with these crimes in March 2001. He pleaded not guilty. After a trial in November 2001, a jury found him guilty on all charges.

At the separate sentencing phase of the trial, jurors had the choice to recommend a sentence of death or imprisonment for life on each of the capital murder convictions, and a choice of life or a term of years in prison on each of the robbery convictions. Among the trial judge's instructions to the jury was Instruction Number 3A, which stated, "The words imprisonment for life mean[] imprisonment for life without the possibility of parole." Mem. Opp'n Mot. Summ. J. Ex. 1, at 6, ECF No. 17-2. The judge reminded jurors at least two more times that Instruction Number 3A applied to the capital murder convictions. In the closing arguments, the prosecutor stated, "[T]here

are three capital murder convictions—and in either one of them the alternative is either life imprisonment without the possibility of parole or death." Id. at 9. The jury returned verdicts recommending that Pin be sentenced to life imprisonment for each of the capital murder convictions, a term of five years for the unauthorized use of a vehicle, and terms of twenty-five and fifty years in prison for the two robberies. On February 28, 2002, the judge imposed the sentences recommended by the jury. The court entered a Nunc Pro Tunc Order on March 11, 2002, to be effective as of February 28, 2002, which stated that Pin was sentenced to "imprisonment for life" on each of the capital murder convictions. Id. at Ex. 2. Pin's appeals and state habeas corpus proceedings were unsuccessful.

Under Virginia law, the authorized punishments for capital murder are "death . . . or imprisonment for life," with the additional, possible penalty of a fine. Va. Code Ann. § 18.2-10(a). With certain exceptions, "[a] person who has been sentenced to two or more life sentences . . . shall be eligible for parole after serving twenty years of imprisonment." Va. Code Ann. § 53.1-151(D). "Any person sentenced to a term of incarceration for a felony offense committed on or after January 1, 1995, shall not be eligible for parole upon that offense." Va. Code Ann. § 53.1-165.1.

Pin became a state-responsible inmate on March 5, 2002, and he has been confined since then in the custody of the Virginia Department of Corrections ("VDOC"). Under the circuit court's orders and findings regarding Pin's offense dates and the Virginia laws applicable to his offenses, VDOC staff has calculated his projected discretionary parole eligibility date ("DPED") as July 30, 2026. This date is based on two factors: (1) a requirement that an inmate sentenced to multiple life terms must satisfy a minimum of thirty years of those sentences before becoming eligible for discretionary parole; and (2) Pin's earning of sentence credits under the Good Conduct Allowance ("GCA") system.

2

Pursuant to Va. Code Ann. § 53.1-43.1, the VDOC must withhold ten percent of all funds an inmate receives from any source and deposit such monies to that inmate's personal trust account ("PTA") until $1,000 is accumulated. The accumulated funds in the PTA are intended as a reentry savings account that will be paid to the inmate upon his release on parole or final discharge of his sentence. Inmates who are sentenced to terms of life without the possibility of parole are exempt from the reentry savings requirement. Id. If an inmate retains the possibility of discretionary parole release, however, VDOC staff are to establish and withhold funds in a PTA for him to receive when released.

Pin "acknowledged the existence of the (DPED) record when the business office of Keen Mountain Correctional Center deducted 10% of all Pin's incoming funds in the year 2012." Compl. 7, ECF No. 1. At the time Pin filed his § 1983 complaint, VDOC staff had withheld ten percent of his incoming funds and placed them in his PTA approximately "70 times (once a month since 2012)." Id. at 12. Pin has informed VDOC officials numerous times that the trial judge defined his capital murder sentences to the jury as imprisonment for life without the possibility of parole, which would make him ineligible for parole and exempt from the PTA withholding requirement under § 53.1-43.1.

Pin's § 1983 complaint names the VDOC director, Harold Clarke, as the only defendant. Pin contends that VDOC officials have refused to correct the record to match the trial judge's intention that Pin should serve life sentences without the possibility of parole, thus violating Pin's constitutional right to due process. As relief, Pin seeks declaratory and injunctive relief and return of the monies withheld in his PTA.

The defendant has filed a motion for summary judgment, construing Pin's claim as arising under the Takings Clause of the Fifth Amendment and arguing that it was untimely filed. In

opposition to these arguments, Pin denies that he has raised a claim under the Takings Clause and insists his claim is timely filed, because the due process violations have been ongoing.

II. DISCUSSION

A. The Statute of Limitations.

Pin presents his claims under Section 1983, a statute that permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013). Because Congress did not include time limits in the statute for filing a § 1983 action, such cases are governed by the statute of limitations applicable to general personal injury actions in the state where the tort allegedly occurred. See Owens v. Okure, 488 U.S. 235, 239, 250 (1989).

In Virginia, the limitations period for general personal injury claims is two years. See Va. Code Ann. § 8.01-243(A). Thus, Pin had two years from the date when his § 1983 claim accrued to file a federal lawsuit. A Soc'y Without A Name v. Virginia, 655 F.3d 342, 348 (4th Cir. 2011). It is well established that "a cause of action [under § 1983] accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (citing United States v. Kubrick, 444 U.S. 111, 123 (1979)).

The defendant asserts that based on facts clear from Pin's complaint, his claim in this action accrued in 2012, the first year when VDOC staff withheld funds from his income and placed them in his PTA to be paid to him upon release. By the end of 2012, Pin knew about the past PTA withholdings and knew that they would continue in the future, until the account reached $1,000 or was paid out to him when released. Thus, the defendant argues, Pin had a duty by sometime in 2012 to inquire into any other factual or legal details necessary to bring his lawsuit sometime in 2014, within the two-year limitations period under Va. Code Ann. § 8.01-243(A).

4

As stated, Pin argues that his § 1983 claim is not untimely, because VDOC staff have continued their due process violation—by refusing to correct the alleged mischaracterization of his life sentences as parole-eligible and by continuing to withhold funds for his PTA. This argument has merit. It is well established that "[a] continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation." Nat'l Advert. Co. v. City of Raleigh, 947 F.2d 1158, 1166 (4th Cir. 1991) (internal quotation marks and citation omitted). It is undisputed that during the two-year period preceding the commencement of his § 1983 action, VDOC staff continued to characterize Pin's life sentences as parole-eligible and to withhold monies for his PTA account. Because Pin's claim concerns alleged due process violations that occurred within the statutory limitations period and, by his own characterization, do not involve an unconstitutional taking in violation of the Fifth Amendment, the court will deny the defendant's motion for summary judgment. Nevertheless, for other reasons, the court concludes that Pin's § 1983 claim must be summarily dismissed as lacking merit.[1]

B. The Due Process Claim

Prisoners may not be deprived of life, liberty, or property without due process of law. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974). However, the Due Process Clause applies only when government action deprives an individual of a protected liberty or property interest. See Bd. of Regents of State Colls. v. Roth, 408 U.S. 564 (1972). "A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word liberty, or it may arise from an expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209, 221 (2005) (citations omitted). "[I]n certain limited circumstances a claim of constitutional magnitude

---

[1] To state a § 1983 claim, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under 28 U.S.C. § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

is raised where a prisoner alleges that (1) "particular information is contained in his file"; (2) "the information in his file is false"; (3) "the information is relied on [or is likely to be relied on] to a constitutionally significant degree"; and (4) he has asked prison officials in writing to remove the inaccurate information from his file, but they have refused to do so. Paine v. Baker, 595 F.2d 197, 201-02 (4th Cir. 1979) (recognizing right for inmate who claimed false information in his parole file was preventing him from being granted discretionary parole).

As stated, the defendant's motion did not address Pin's claim as one arising under Paine v. Baker.[2] The court concludes, however, that Pin fails to allege facts necessary to state an actionable due process claim under Paine, because he has not shown that his file contains false information about the nature of his life sentences. It is undisputed that Pin's offenses occurred in 1989 and that the circuit court's written sentencing order imposes a sentence of imprisonment for life for his capital murder convictions. Under Virginia law, an inmate sentenced to imprisonment for life for offenses committed before January 1, 1995, is eligible for parole. Va. Code Ann. §§ 53.1-151(D); 53.1-165.1. Pin does not allege or present evidence indicating that the trial judge, in verbally pronouncing Pin's sentences, expressly stated that Pin was not eligible for parole under Virginia law on his life sentences. At the most, Pin's complaint alleges that the trial judge erroneously instructed the jury, and the prosecutor argued to them, that a life sentence for Pin's offenses meant no possibility of parole. While the court and the prosecutor thus rendered an inaccurate statement of the law applicable to Pin's offenses, these statements alone did not change applicable Virginia

---

[2] The defendant asserts that, to the extent Pin seeks to correct his sentence to serve a life sentence without the possibility of parole as the trial judge allegedly intended, his claim is more properly brought in a habeas corpus action. Because such a claim concerns the length of Pin's confinement and the interpretation of orders sentencing him to that incarceration, the defendant's habeas argument has some merit. See Preiser v. Rodriguez, 411 U.S. 475 (1973) (if the core of litigant's claim concerns the fact or duration of his confinement, then claim must be raised in habeas corpus, not under § 1983). The defendant requests additional time to brief habeas issues, if the court so construes Pin's submissions. Because the court herein determines that Pin has failed to state a § 1983 due process claim under Paine, however, the court does not find additional briefing from the defendant to be warranted. Moreover, if Pin wishes to correct the calculation of his life sentences to eliminate the possibility of parole, he must first file a state court habeas corpus petition raising that contention. See 28 U.S.C. § 2254(b). Because he makes no mention of pursuing state court remedies as to this claim, the court declines to construe his present submissions as a § 2254 petition.

law concerning Pin's parole eligibility. Without any allegation that the trial court, nevertheless, did sentence Pin to life without the possibility of parole, the court cannot find that Pin's submissions support a reasonable inference that his VDOC file contains <u>false</u> information about his eligibility for parole on his life sentences or about the lawfulness of the VDOC's withholding of his incoming funds for his PTA under Va. Code Ann. § 53.1-43.1. Accordingly, the court will summarily dismiss Pin's <u>Paine v. Baker</u> claim, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim. An appropriate order will issue herewith.

The court will mail a copy of this memorandum opinion and the accompanying order to plaintiff and to counsel of record for the defendant.

ENTER: This 7th day of February, 2020.

*/s/ Jon Conrad*
Senior United States District Judge